# PURPURA & PURPURA
## ATTORNEYS AT LAW

**William B. Purpura***
wpurpura@purpuralaw.com
* Admitted in MD, CA &
   US District Ct., DC

*THE BONAPARTE BUILDING*
*8 E. MULBERRY STREET*
*BALTIMORE, MARYLAND 21202*
*PHONE: 410-727-8550*
*FAX: 410-576-9351*

**Christopher J. Purpura**
cpurpura@purpuralaw.com

August 29, 2024

The Honorable Matthew J. Maddox
United States District Court Judge
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    United States of America v. George Horn
           Criminal No.:   MJM-24-0083

Dear Judge Maddox:

    I write to briefly provide support for a sentence at the low end of the sentencing guideline range in the above captioned case and to give the Court a better understanding of the sentencing factors relevant to Mr. Horn's sentencing currently scheduled for September 12, 2024.  Mr. Horn entered a guilty plea to Count One of the Criminal Indictment charging him with Possession of Ammunition by a Prohibited Person.  Pursuant to the plea agreement the parties are free to recommend the sentence they feel appropriate.  To that end, a sentence at the low end of the guidelines, 12 months, is appropriate, just, and not greater than necessary to achieve the mandates of 18 U.S.C. 3553.

### Guideline Issues and Analysis/ the Presentence Report.

    Counsel has had an opportunity to provide Mr. Horn a copy of the Presentence Report and also review the PSR with him.  There are no additions, corrections, and/or objections to the PSR.

    The guidelines outlined in the Presentence are accurate and are as follows:

14- USSG 2K2.1(a)(6)
-2-  USSG 3E1.1(a) (Acceptance of Responsibility)
 12-  Adjusted Offense Level

    Mr. Horn has 2 criminal history points placing him in a criminal history category II. The resulting guideline range is 12-18 months.

1

As outlined in the paragraph titled Judiciary Sentencing Information (JSIN) found on page 23 of the Presentence Report a sentence at the low end of the guideline range is consistent with sentences received by similarly situated individuals. From 2019-2023 there were 580 defendants whose fell into the same guideline as Mr. Horn, 2K2.1 Offense Level 12 and Criminal History Category II. For those 580 defendants, the average sentence imposed was 11 months and the median sentence was 12 months.

**18 U.S.C. 3553 Factors**

Through his guilty plea Mr. Horn has accepted responsibility for his actions. He did not choose to litigate motions or put the government to their burden at trial. He has acknowledged his wrongdoing though his guilty plea. That while Mr. Horn did not brandish or use the ammunition and associated firearm in conjunction with another criminal offense, he understands that he falls with a class of people that cannot possess ammunition and/or firearms.

Mr. Horn has now been detained in state and federal custody since the date of the incident, October 17, 2023. At the age of 34, this period represents the longest period of continued incarceration he has had to endure. Mr. Horn is a life-long resident of the Baltimore metropolitan community. He had a difficult upbringing with both parents suffering from substance abuse. The family struggled financially. His parents divorced when he was in his early teens.

Mr. Horn competed the 10th grade in the Baltimore County School System. He indicates that he was able to obtain a GED in Virginia while trying to enter the military. Since then, he has received vocational training in fields such as sheet metal, HVAC, and roofing. He has been employed as a laborer in many of those fields. Most recently he has focused his employment as a sheet metal mechanic. He ahs worked for D&I Mechanical Contractors in Baltimore from 2017 until his arrest in 2023. Mr. Horn is employable and is eager to return to work to provide for his five-year-old son.

Mr. Horn's issues seem to largely stem from substance abuse and related mental health issues. All of which can be addressed while under the supervision of United States Probation. Unfortunately at an early age Mr. Horn was exposed to drugs an alcohol. He began drinking with his father at the age of 13. Alcohol abuse continued until his arrest in October 2023 at which point he was drinking a pint of liquor daily after work. He would also abuse illegal substances like cocaine and Oxycodone regularly. Prior attempts to address the substance abuse issues have not been successful. Through the almost 11-months of pretrial incarceration Mr. Horn has been forced sober.

 Mr. Horn has a prior criminal history. However, he has never received a sentence resulting in incarceration. The prior convictions are nonviolent in nature and relatively minor state misdemeanor offenses.

Considering the 18 USC 3553(a) factors as a whole, a sentence at the low end of the guidelines is appropriate. The time that he has served has acted as a deterrent to him. A sentence at the low end of the guidelines is consistent with what other similarly situated defendants have

received. Through supervised release he can participate in the appropriate programming to issues that have plagued him in the past.

## Conclusion

      It is respectfully requested that this Honorable Court impose a sentence at the low end of the guideline range. Mr. Horn now understands that there are real consequences, including the loss of liberty, for his actions. A sentence at the low end of the guidelines is a sentence sufficient but not greater than necessary to satisfy the mandates of 18 U.S.C. 3553.

      Respectfully submitted,

_____/s/_____
Christopher J. Purpura
Law Office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
410-727-8550
cpurpura@pupuralaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that a copy of the foregoing was delivered to counsel for the government via ECF.

_____/s/_____
Christopher J. Purpura

3